[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO WITHDRAWAS APPELLATE COUNSEL FOR DEFENDANT
After trial by jury, defendant was convicted of sexual assault in the first degree in violation of General Statutes § 53a-70 (a)(2) and risk of injury to a minor female child in violation of General Statutes § 53-21. As a result of such conviction, a total effective sentence of fifteen years execution suspended after ten years was imposed. On July 13, 1995, the matter was appealed to the Appellate Court.
Subsequently on October 13, 1995, appellate counsel moved to withdraw as counsel on the appeal for the reason that the appeal would be wholly frivolous.
For reasons hereinafter stated, the motion is granted.
The motion was filed in accordance with Anders v.California, 386 U.S. 738 (1967); State v. Pascucci, 161 Conn. 882
(1971); and Connecticut Practice Book §§ 952-953. The motion was filed with a brief referring to matters on the record which might arguably support the appeal.
Upon receipt of the motion and brief, the matter was referred to Conrad O. Seifert, Esquire, a conscientious and reliable attorney with experience in the field for a second look and review of the entire record. After such review, that attorney concurred with appellate counsel that any appeal would be wholly frivolous.
Acting pursuant to Connecticut Practice Book § 954 and in accordance with State v. Pascucci, supra, the court examined the briefs of counsel, the report of Attorney Seifert and the transcript of the trial. Based upon the careful review of such CT Page 5118-VVVV documents, it must be concluded that any appeal of this case would be wholly frivolous.
The only plausible claim of reversible error was the court's delay in making available to defense counsel certain records which might have been used to impeach the credibility of the minor female victim. It does not appear that defendant's ability to confront the witness suffered since the witness was to be made available for further examination after defense counsel had an opportunity to review the records.
After reviewing the records, defense counsel elected not to make use of the records or to recall the witness for purposes of impeachment. It could only be concluded that this was a tactical decision.
The case rested on the credibility of the minor female witness supported by some circumstantial evidence. The jury chose to believe the testimony and rendered a verdict in accordance with the evidence.
Having found that defendant's appeal is wholly frivolous, appellate counsel's motion to withdraw is granted and new counsel will not be appointed.
Purtill, J. Presiding Judge, Criminal New London Judicial District